IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No._____

ROCKY MOUNTAIN MOBILE MEDICAL,

        Plaintiff,

vs.

UNITED STATES AIR FORCE ACADEMY,

        Defendant.

**COMPLAINT FOR INJUNCTIVE RELIEF**

For its Complaint against the United States Air Force Academy ("USAFA"), Plaintiff Rocky Mountain Mobile Medical ("Rocky Mountain") alleges as follows:

1. This is a civil action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an order enjoining USAFA from improperly withholding agency records and compelling the production of all agency records responsive to a FOIA request submitted on behalf of Rocky Mountain.

2. The agency records in question relate to a FOIA request submitted on behalf of Rocky Mountain to USAFA. In summary, the FOIA request sought the disclosure of agency records regarding a contract awarded to Rocky Mountain in September 2019 for ambulance medical services at USAFA's campus, as well as agency records relating to a subsequent sole-source contract awarded to Asteri Consulting Services, LLC d/b/a/ Asteri EMS, LLC in 2021 for the same services.

1

3. USAFA failed to comply with its public disclosure obligations under FOIA to produce the agency records requested by Rocky Mountain. As the Supreme Court for the United States has recognized, "the basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *National Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L.Ed.2d 159 (1978).

4. The public has a compelling interest in the disclosure of agency records related to agency contracting decisions, especially where, as here, the agency utilizes a sole-source procurement instrument without seeking competitive bids. These records are being improperly withheld by USAFA without justification under FOIA.

**PARTIES**

5. Plaintiff Rocky Mountain Mobile Medical is a Colorado corporation registered to do business in the state of Colorado.

6. Defendant the United States Air Force Academy is a military educational institution and an agency of the United States of America as defined in 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). USAFA is an agency with possession and control of the requested agency records and is responsible for producing such agency records pursuant to FOIA.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1361, and 5 U.S.C. § 552(a)(4)(B).

8. Venue for this civil action lies in the United States District Court for the District of Colorado pursuant to 5 U.S.C. § 552(a)(4)(B).

//

## STATEMENT OF FACTS

9. On March 22, 2022, counsel for Rocky Mountain submitted a FOIA request electronically to USAFA seeking agency records relating to contracting actions for ambulance medical services administered by USAFA ("FOIA Request"). The FOIA Request identified specific and finite information which could be easily collected and produced, and it further requested that USAFA prioritize production of easily collectible information within FOIA's statutory deadline established in 5 U.S.C. § 552(a)(6)(A)(i) before conducting searches for the other requests. A true and correct copy of the FOIA Request is appended hereto as Exhibit A.

10. In addition to the electronic submission, counsel for Rocky Mountain also transmitted a hard-copy of the FOIA Request to USAFA via U.S. Postal Service ("USPS") Certified Mail. USAFA received the USPS-mailed FOIA Request on March 24, 2022. A true and correct copy of the USPS Certified Mail record is appended hereto as Exhibit B.

11. On March 24, 2022, USAFA transmitted an email acknowledging receipt of the FOIA Request. A true and correct copy of USAFA's acknowledgement is appended hereto as Exhibit C.

12. The statutory deadline for USAFA to provide a determination with respect to the FOIA Request was on or before April 21, 2022. *See* U.S.C. § 552(a)(6)(A)(i) ("Each agency . . . shall determine within 20 days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor.").

13. On April 8, 2022, USAFA transmitted a separate acknowledgment assigning the FOIA Request as Docket No. 2022-02900-F ("Docketing Notice"). USAFA placed the FOIA Request into an internal "complex track." Citing "a significant number of pending FOIA requests," the Docketing Notice stated USAFA would be "prevent[ed] . . . from making a response

determination within 20 workdays." A true and correct copy of the Docketing Notice is appended hereto as Exhibit D.

14. On May 5, 2022, counsel for Rocky Mountain emailed USAFA to: (i) notify USAFA that it had failed to provide a determination as required by FOIA by the applicable statutory deadline; (ii) request a date certain on which USAFA would provide a determination or produce the requested agency records; and (iii) object to USAFA's potential assessment of search fees due to the agency's failure to comply with FOIA's statutory deadline. A true and correct copy of the May 5th correspondence is appended hereto as Exhibit E.

15. After not receiving any response to its May 5th correspondence, on May 18, 2022, counsel for Rocky Mountain again emailed USAFA requesting information regarding the agency's response to the FOIA Request. USAFA replied the same day that it was "unable to meet the time limits imposed by the FOIA," and that the agency would provide periodic updates regarding the status of the request. USAFA also stated that the agency could not supply an "anticipated completion date" in which the agency would comply with its disclosure obligations under FOIA. A true and correct copy of the May 18th correspondence is appended hereto as Exhibit F.

16. On June 10, 2022, counsel for Rocky Mountain emailed USAFA requesting an update regarding USAFA's progress in responding to the FOIA Request. As of the date of this Complaint, USAFA has neither responded to this latest correspondence, nor provided a status update or an anticipated response date. A true and correct copy of the June 10th correspondence is appended hereto as Exhibit G.

**COUNT I - FAILURE TO COMPLY WITH 5 U.S.C. § 552**

17. Paragraphs 1-16 are incorporated as if fully set forth herein.

18. Pursuant to 5 U.S.C. § 552(a), Rocky Mountain has a statutory right to the disclosure of the agency records sought in the FOIA Request.

19. Counsel on behalf of Rocky Mountain submitted a proper FOIA request to USAFA in accordance with 5 U.S.C. § 522(a)(3)(A).

20. USAFA failed to timely notify Rocky Mountain whether it would comply with the FOIA Request in violation of 5 U.S.C. § 552(a)(6)(A)(i).

21. USAFA also failed to comply with its disclosure obligations under FOIA within the statutory time limits prescribed by 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii).

22. As a result of USAFA's failure to adequately respond to the FOIA Request, Rocky Mountain constructively exhausted any administrative remedies required by FOIA and is entitled to seek judicial review pursuant to 5 U.S.C. § 552(a)(6)(C).

23. On information and belief, USAFA failed to conduct a reasonable search for the specifically identified finite records requested, and is not exercising reasonable due diligence to respond to the FOIA Request.

24. USAFA failed to produce all relevant, non-exempt agency records responsive to the FOIA Request, violating the statutory requirement under 5 U.S.C. § 552(a)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Rocky Mountain requests that this Court enter judgment in its favor, and award the following relief:

a. Enjoin USAFA from withholding the requested agency records and issue an order compelling USAFA to conduct a reasonable search and produce the requested agency records in accordance with FOIA;

      b.      Enjoin USAFA from assessing any search or reproduction fees to Rocky Mountain under FOIA;

      c.      Provide for expeditious proceedings in this civil action;

      d.      Award Rocky Mountain its costs and attorneys' fee reasonably incurred in this civil action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

      e.      Grant any other and further relief the Court deems appropriate.

June 23, 2022

Respectfully submitted,

*/s/ Shaun C. Kennedy*

Shaun C. Kennedy (Colo. Bar No. 46548)
Ryan K. Lundquist (Colo. Bar. No. 56449)
HOLLAND & HART LLP
555 Seventeenth Street
Suite 3200
Denver, Colorado 80202
(303) 295-8377
sckennedy@hollandhart.com

**ATTORNEYS FOR PLAINTIFF,
ROCKY MOUNTAIN MOBILE MEDICAL**

19140519

6